**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENVILLE**

| | | |
|---|---|---|
| **ARNOLD LEE DIXON, JR.,** | ) | |
| | ) | CIVIL ACTION NO. 2:21-cv-00038-CEA-CRW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Charles E. Atchley, Jr. |
| | ) | |
| **THE LINCOLN NATIONAL LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | Chief Magistrate Judge Cynthia R. Wyrick |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Arnold Lee Dixon, Jr. ("Plaintiff"), and states as follows:

**JURISDICTION AND VENUE**

1. Lincoln admits that Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA") under the jurisdiction of this Court under 28 U.S.C. § 1331. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that Plaintiff's claims are governed by ERISA. To the extent that Paragraph 2 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits that Plaintiff's claims are governed by ERISA. To the extent that Paragraph 3 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

4. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits that venue of this action is proper in this Court. To the extent that Paragraph 5 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

## PARTIES

6. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

7. Lincoln admits Plaintiff's claims are governed by ERISA. Lincoln admits Plaintiff was, at certain times, employed by Saratoga Technologies Inc. ("Saratoga") and was, at certain times, a participant in the Saratoga Technologies Inc. Long Term Disability Plan ("the Plan"). Lincoln admits it issued Group Disability Income Policy No. GL 000400003002-02706 (the "Policy") to Saratoga, which Policy, at certain times, insured benefits paid by the Plan. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits Saratoga sponsored the Plan to provide certain benefits to participating, eligible employees of Saratoga. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits the allegations contained in Paragraph 9 of the Complaint.

10. Lincoln is without sufficient knowledge to either admit or deny allegations pertaining to other benefits that may have been sponsored by Saratoga and, accordingly, Lincoln denies all allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits it issued the Policy to Saratoga, which Policy, at certain times, insured benefits paid by the Plan, including the benefits claimed by Plaintiff in this action. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits it issued the Policy to Saratoga, which Policy, at certain times, insured benefits paid by the Plan, including the benefits claimed by Plaintiff in this action. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits it is an insurance company and is lawfully authorized to do business in Tennessee. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 13 of the Complaint.

## FACTS

14. Lincoln admits it issued the Policy to Saratoga, which Policy, at certain times, insured benefits paid by the Plan. Lincoln admits it was, at certain times, the claims administrator of the Plan for claims under the Policy. Lincoln specifically denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits it issued the Policy to Saratoga, which Policy, at certain times, insured benefits paid by the Plan. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits Plaintiff sought benefits from the Plan under the Policy. Lincoln admits it sent a letter to Plaintiff dated September 12, 2019, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits it received first and second level appeals of Lincoln's decision regarding Plaintiff's claim for benefits from the Plan under the Policy, which appeals are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits it sent a letter to Plaintiff dated January 8, 2021, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits Plaintiff was, at certain times, employed as a service manager/services coordinator by Saratoga in Johnson City, Sullivan County, Tennessee, and that Plaintiff was, at certain times, a participant in the Plan. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits Plaintiff's last day at work at Saratoga was July 8, 2011. Lincoln admits Plaintiff was, at certain times, a participant in the Plan. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan under the Policy, but Lincoln refers to the Policy

itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits it received first and second level appeals of the denial of Plaintiff's claim for further benefits from the Plan under the Policy, which appeals are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits it received first and second level appeals of the denial of Plaintiff's claim for further benefits from the Plan under the Policy. Lincoln admits that Plaintiff

exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that this action was filed on February 23, 2021. Lincoln denies the remaining allegations contained in Paragraph 22 of the Complaint.

23. Lincoln denies all allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits Plaintiff received, at certain times, benefits from the Plan under the Policy. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, but Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits that medical reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln refers to the

administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that medical reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that medical reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. To the extent that Paragraph 29 contains legal conclusions, Lincoln is not required to answer. Lincoln is without sufficient information regarding the status of Exam Coordinators Network and Genex as business entities, to admit or deny these allegations, and accordingly, denies these and all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln denies all allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits it issued the Policy to Saratoga, which Policy, at certain times, insured benefits paid by the Plan. Lincoln admits it was, at certain times, the claims administrator of the Plan for claims under the Policy, but Lincoln specifically denies it was the plan administrator of the Plan. Lincoln further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits it issued the Policy to Saratoga, which Policy, at certain times, insured benefits paid by the Plan. Lincoln admits it was, at certain times, the claims administrator of the Plan for claims under the Policy, but Lincoln specifically denies it was the plan administrator of the Plan. Lincoln further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln denies all allegations contained in Paragraph 34 of the Complaint.

35. Lincoln denies all allegations contained in Paragraph 35 of the Complaint.

36. Lincoln denies all allegations contained in Paragraph 36 of the Complaint.

37. Lincoln denies all allegations contained in Paragraph 37 of the Complaint.

38. Lincoln admits it issued the Policy to Saratoga, which Policy, at certain times, insured benefits paid by the Plan. Lincoln admits it was, at certain times, the claims administrator of the Plan for claims under the Policy, but Lincoln specifically denies it was the

plan administrator of the Plan. Lincoln further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy and that such decisions are governed by the terms of the Policy. Lincoln denies that it violated any provision of ERISA and denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. To the extent that Paragraph 39 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. To the extent that Paragraph 40 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Lincoln denies all allegations contained in Paragraph 41 of the Complaint.

42. To the extent that Paragraph 42 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Lincoln denies all allegations contained in Paragraph 43 of the Complaint.

44. To the extent that Paragraph 44 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Lincoln denies all allegations contained in Paragraph 45 of the Complaint.

46. To the extent that Paragraph 46 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln denies all allegations contained in Paragraph 47 of the Complaint.

48. To the extent that Paragraph 48 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Lincoln denies all allegations contained in Paragraph 49 of the Complaint.

50. To the extent that Paragraph 50 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Lincoln denies all allegations contained in Paragraph 51 of the Complaint.

52. To the extent that Paragraph 52 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Lincoln denies all allegations contained in Paragraph 53 of the Complaint.

54. To the extent that Paragraph 54 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 54 of the Complaint.

55. Lincoln denies all allegations contained in Paragraph 55 of the Complaint.

56. To the extent that Paragraph 56 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. Lincoln denies all allegations contained in Paragraph 57 of the Complaint.

58. To the extent that Paragraph 58 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. Lincoln denies all allegations contained in Paragraph 59 of the Complaint.

60. To the extent that Paragraph 60 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 60 of the Complaint.

61. Lincoln denies all allegations contained in Paragraph 61 of the Complaint.

62. To the extent that Paragraph 62 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 62 of the Complaint.

63. Lincoln denies all allegations contained in Paragraph 63 of the Complaint.

**CAUSE OF ACTION**
**FOR PLAN BENEFITS AGAINST DEFENDANT**
**PURSUANT TO 29 U.S.C. § 1132(A)(1)(B)**

Lincoln incorporates its responses to Paragraphs 1-63 by reference as if fully set forth herein.

64. Lincoln admits Plaintiff was, at certain times, a participant in the Plan. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 64 of the Complaint.

65. Lincoln denies all allegations contained in Paragraph 65 of the Complaint.

66. Lincoln denies all allegations contained in Paragraph 66 of the Complaint.

67. Lincoln denies all allegations contained in Paragraph 67 of the Complaint.

68. Lincoln denies all allegations contained in Paragraph 68 of the Complaint.

69. Lincoln denies all allegations contained in Paragraph 69 of the Complaint.

70. Lincoln denies all allegations contained in Paragraph 70 of the Complaint.

71. Lincoln denies all allegations contained in Paragraph 71 of the Complaint.

72. To the extent that Paragraph 72 contains legal conclusions, Lincoln is not required to answer. Lincoln denies all remaining allegations contained in Paragraph 72 of the Complaint.

73. Lincoln denies all allegations contained in Paragraph 73 of the Complaint.

74. Lincoln denies all allegations contained in Paragraph 74 of the Complaint.

75. Lincoln denies all allegations contained in Paragraph 75 of the Complaint.

76. Lincoln denies all allegations contained in the WHEREFORE Paragraph of the Complaint and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the Plan under the Policy was an abuse of discretion because the Policy and relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject to an offset pursuant to the terms of the Policy and the documents governing the Plan, which require offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 26th day of March 2021.

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

/s/ Iwana Rademaekers
Iwana Rademaekers (Texas Bar # 16452560)
(Motion for Admission *Pro Hac Vice* Pending)
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the **26th day of March 2021**, a true and correct copy of the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** was filed via the Court's CM/ECF electronical filing system, which served the following counsel of record via electronic notification:

D. Seth Holliday, Esq.
Email: sholliday@mcmahanfirm.com

*/s/ Iwana Rademaekers*
Iwana Rademaekers